NOT DESIGNATED FOR PUBLICATION

No. 117,090

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN M. KASTL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Grant District Court; CLINT B. PETERSON, judge. Opinion filed August 4, 2017.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and
(h).


Before PIERRON, P.J., GREEN and HILL, JJ.


*Per Curiam*:  Justin Kastl appeals the judgment of the trial court revoking his
probation and imposing the underlying prison sentence. We granted Kastl's motion for
summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2017 Kan. S.
Ct. R. 48). The State did not file a response. Finding no error, we affirm.


On September 23, 2013, Kastl pled no contest to two counts of failure to register
as a KORA offender. On November 4, 2013, the trial court sentenced Kastl to 24 months'
probation, with an underlying sentence of 36 months' imprisonment with 24 months of
postrelease supervision.

1

On January 8, 2014, Kastl stipulated to violating his probation by submitting a positive UA. He waived his right to a hearing and agreed to serve a 3-day jail sanction.

On March 6, 2014, the State moved to revoke Kastl's probation. The motion alleged that he had tested positive for methamphetamine on several different occasions. On April 10, 2014, the trial court held a probation violation hearing. Kastl stipulated to violating his probation by using methamphetamine on multiple occasions. The trial court imposed a 180-day prison sanction.

On August 20, 2014, Kastl stipulated to violating his probation by submitting a positive UA. He waived his right to a hearing and agreed to serve a 3-day jail sanction.

On September 9, 2014, the State moved to revoke Kastl's probation. The State alleged that Kastl had tested positive for methamphetamine on two more occasions. The trial court held another probation violation hearing on October 2, 2014, and Kastl stipulated to violating his probation by using methamphetamine. Kastl asked the court not to impose his underlying sentence and instead give him a chance to complete some type of substance abuse treatment. The trial court continued the hearing so Kastl could get another substance abuse evaluation and recommendation. The court held a second hearing on November 3, 2014. By then, Kastl had begun outpatient treatment for his substance abuse problem. The court extended Kastl's probation by 24 months so Kastl could continue his treatment.

On March 2, 2015, Kastl stipulated to violating his probation by failing to submit a UA. He waived his right to a hearing and agreed to serve a 1-day jail sanction.

On May 21, 2015, the State filed an amended motion to revoke probation. The State alleged that Kastl had failed to submit one UA and had tested positive for methamphetamine on several other occasions. On July 6, 2015, the trial court held a

2

probation violation hearing. Kastl stipulated to violating his probation by using methamphetamine around April 10, 2015. Although Kastl indicated he had failed drug tests on two other occasions, he disputed the accuracy of those tests. The trial court revoked Kastl's probation and ordered him to serve his underlying sentence.

On appeal, Kastl argues that the trial court abused its discretion by revoking his probation and imposing the underlying sentence. He contends that the disposition did not adequately address his substance abuse issues and is, therefore, unreasonable. He admits, however, that a trial court has discretion to revoke probation upon a showing that a defendant violated the terms of his or her probation.

Probation from a sentence is an act of grace by the sentencing judge, and unless otherwise required by law, the sentencing judge grants it as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the trial court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

We find that the trial court's decision to revoke Kastl's probation was not arbitrary, fanciful, or unreasonable. Kastl had numerous substantiated probation violations and continued to use methamphetamine over the entire term of his probation. The trial court's decision is also not based on an error of fact or law. Accordingly, we affirm.

Affirmed.

3